**SO ORDERED.**

**SIGNED this 17th day of October, 2013.**



_____
Janice Miller Karlin
United States Bankruptcy Judge
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In re:                                                 Case No. 12-40685
HD Gerlach Company, Inc.,               Chapter 11

                    Debtor.

**Memorandum Opinion and Order Denying Creditor Central National Bank's Motion to Vacate**

Creditor Central National Bank ("Central") moves this Court to vacate its March 27, 2013, Order Granting Second Motion to Use Cash Collateral ("Cash Collateral Order"),[1] pursuant to Federal Rule of Civil Procedure 60(b).[2] Central appealed the Cash Collateral Order to the District Court, but, before the appeal was decided, Central and HD Gerlach Company, Inc. ("Debtor") entered a settlement that addressed all of their disputes, including the

---

[1] Doc. 206.

[2] Doc. 316.

appeal. Central argues that because the controversy underlying the order has become moot due to the settlement, vacating the order is the only way to preserve the rights of the parties, and ensure that, if necessary, relitigation of this issue would be possible at a later date. Because the Court finds that Central does not meet its burden to demonstrate that extraordinary circumstances justify vacation of the order, the Court denies the motion.

## I.  Factual and Procedural Background

Debtor filed its Chapter 11 petition on May 9, 2012. Central is[3] a secured creditor of the Debtor by virtue of a promissory note and a real estate mortgage in the property commonly known as Wanamaker 22 Apartments (Apartments). Along with the filing of the bankruptcy petition, the Debtor filed a Motion for Turnover of Estate Property (rents from the Apartments) and a Motion to Allow Debtor to Use Cash Collateral.[4] Central and the Debtor initially reached an agreement surrounding the treatment of the rents and an agreed order was entered on June 7, 2012.[5]

---

[3] It is possible that by now, the proper verb to use in this sentence is "was," because the Court signed a sale order on September 27, 2013 that called for Central to be paid in full from the sale of Debtor's principal asset—the Apartments. As a result of this sale and payoff of Central's note, therefore, it appears highly unlikely that the main basis for this motion—maintaining the ability of the parties to relitigate this issue—remains as a possible basis for the motion.

[4] Doc. 8.

[5] Doc. 45.

-2-

Case 12-40685   Doc# 330   Filed 10/17/13   Page 2 of 8

The agreed order expired according to its terms on November 5, 2012, so Debtor filed a second motion to use cash collateral before that deadline.[6] Central objected. Following briefing by the parties, the Court entered its Cash Collateral Order.[7]

Central timely appealed that Cash Collateral Order. Around the same time, the Court ordered the parties to mediation on all issues pending between Central and the Debtor. Due to the significant progress made at the mediation, the parties informally agreed to place all pending matters and disputes on hold while working toward a resolution. Ultimately, the parties reached a full and final settlement agreement on June 3, 2013; the agreement resolved all matters pending between the parties both in the bankruptcy court and in the appeal. Pursuant to the terms of the settlement, the parties agreed that the controversy addressed in the Cash Collateral Order, together with the pending appeal of that order, were moot, and Debtor agreed not to oppose any motion to vacate the underlying Cash Collateral Order that Central might elect to file.

Central has now filed the contemplated motion to vacate, and, in accordance with the parties' settlement agreement, Debtor's counsel does not

---

[6] Doc. 107.

[7] Doc. 206.

-3-

oppose the order Central has requested this Court sign to vacate the Cash Collateral Order.

## II. Analysis

The Supreme Court addressed the question of vacatur of an underlying order after settlement moots the appeal in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*.[8] In *Bancorp*, U.S. Bancorp Mortgage Co. ("Bancorp") sought and was granted a writ of certiorari for an appeal, but after briefing on the merits was completed, the parties stipulated to a consensual plan of reorganization. The Bankruptcy Court handling the underlying bankruptcy case approved the settlement, and the parties agreed that confirmation of the plan constituted a settlement that mooted the appeal. As a result, Bancorp requested the Supreme Court vacate the judgment of the Court of Appeals, which had been adverse to Bancorp. The appellee Bonner Mall Partnership opposed the motion, so the Supreme Court came to again write on the topic of vacatur.

The Supreme Court held that "[w]here mootness results from settlement, . . . the losing party has voluntarily forfeited his legal remedy by

---

[8] 513 U.S. 18 (1994). Surprisingly, all the citations upon which movant relies to support its vacatur motion predate 1994, the date of this controlling decision, in spite of ample more recent Tenth Circuit precedent and this controlling Supreme Court decision. This more recent precedent, which Central elected not to provide this Court, does not support vacatur.

-4-

the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur."[9] The Court noted that

> [i]t is petitioner's burden, as the party seeking relief from the status quo of the appellate judgment, to demonstrate not merely equivalent responsibility for the mootness, but equitable entitlement to the extraordinary remedy of vacatur. Petitioner's voluntary forfeiture of review constitutes a failure of equity that makes the burden decisive, whatever respondent's share in the mooting of the case might have been.[10]

The Court also noted the public interest served by leaving precedent in place, commenting that such precedents are "valuable to the legal community as a whole. They are not merely the property of the private litigants."[11] The Supreme Court held, in response to arguments that the policy of encouraging settlement required vacatur, that easy access to vacatur "may deter settlement at an earlier stage. . . . [The Court found it] quite impossible to assess the effect of [the] holding, either way, upon the frequency or systemic value of settlement."[12]

Finally, the Court held that:

---

[9] *Id.* at 25.

[10] *Id.* at 26.

[11] *Id.* (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 40 (1993).

[12] *Id.* at 28.

-5-

mootness by reason of settlement does not justify vacatur of a judgment under review. This is not to say that vacatur can never be granted when mootness is produced in that fashion. As we have described, the determination is an equitable one, and exceptional circumstances may conceivably counsel in favor of such a course. It should be clear from our discussion, however, that those exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur—which neither diminishes the voluntariness of the abandonment of review nor alters any of the policy considerations we have discussed. Of course even in the absence of, or before considering the existence of, extraordinary circumstances, a court of appeals presented with a request for vacatur of a district-court judgment may remand the case with instructions that the district court consider the request, which it may do pursuant to Federal Rule of Civil Procedure 60(b).[13]

Thus the Supreme Court has clearly established that, absent *exceptional circumstances*, a court should not vacate a prior order rendered moot by reason of settlement, and settlement alone does not constitute exceptional circumstances.

And while the Supreme Court's summary seems to leave open the possibility that a district or bankruptcy court might allow vacatur with some lower burden, the Tenth Circuit has since shut that door. In *Rio Grande Silvery Minnow v. Bureau of Reclamation*, the Circuit clarified that "[a]lthough *U.S. Bancorp Mortgage Co.* addresses appellate court vacatur, its

---

[13] *Id.* at 29.

rationale also governs the district court's decision whether to vacate its own judgment pursuant to Fed. R. Civ. P. 60(b)."[14] In embracing the overriding principles of *Bancorp,* the Tenth Circuit held*:*

> Whether any opinion should be vacated on the basis of mootness is an equitable question. Following this concept, we have held that when the party seeking relief is the cause of the mootness, vacatur will not be granted. We have also held when appellants voluntarily contribute to the cause of mootness, vacatur will be denied.[15]

This Court is bound by the Tenth Circuit's precedent. This Court could only grant Central's motion to vacate if Central showed exceptional circumstances justifying vacatur, and Central has not argued that such circumstances exist. Further, the Court's own review of the record does not show exceptional circumstances meriting vacatur.

This Court also agrees with the Tenth Circuit's point that an "additional reason for denying vacatur motions is to make clear to the public

---

[14] 601 F.3d 1096, 1129 n.20 (10th Cir. 2010) (citing *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118, 121 (4th Cir. 2000)). The Court notes that all requests to vacate inherently rely on Rule 60(b). *Summit Financial Resources, L.P. v. Kathy's General Store, Inc.*, No. 08–2145–CM, 2011 WL 3666607 at *1 (D. Kan. Aug. 22, 2011).

[15] *Rio Grande Silvery Minnow v. Keys*, 355 F.3d 1215, 1220 (10th Cir. 2004) (citations omitted). *See also Amoco Oil Co. v. U.S. E.P.A.*, 231 F.3d 694 (10th Cir. 2000) (collecting cases); *Summit Financial*, 2011 WL 3666607 at *1 (citing *Bancorp* for the proposition that "[t]he standard for vacatur on the basis of a settlement is a showing of exceptional circumstances").

that nothing improper motivated the [district court's] discretion decision."[16] In addition, because the legal issues that are the subject of the order for which Central seeks vacatur are highly likely to recur in this Bankruptcy Court with different litigants, this Court's factual and legal analysis "may provide a baseline to inform the debate"[17] in further similar proceedings.

Because Central has voluntarily contributed to the cause of the mootness and is unable to show exceptional circumstances, the motion to vacate[18] must be denied.

**It is so ordered.**

# # #

---

[16] *Id..* at 1131.

[17] *Id..*

[18] Doc. 316.